CAMPBELL, Chief Judge.
Appellant, Aubrey Shoemake, challenges a final summary judgment which found in favor of appellee, Allied Bank of Texas, in its action seeking damages from appellant for failure to pay amounts due on a promissory note in Count I and for breach of contract on a checking agreement in Count II. The final summary judgment awarded appellee monetary damages, interest, attorney’s fees and costs on Count I in the amount of $32,015.13, and monetary damages and accrued interest on Count II in the amount of $7,985.64. Appellant pled the affirmative defense of the Texas statute of limitations of four years for actions for debt for both counts. § 16.004, Tex. Civ.Prac. & Rem.Code (1983). The causes of action clearly arose in the state of Texas where the parties resided.
We reverse the judgment in regard to Count I. The promissory note was executed in Texas on November 7, 1983. The defaulted payment on the note due in Texas occurred on February 6, 1984. Appellee did not file this action until April 11, 1988. *1284 The trial court, therefore, erred in striking appellant’s affirmative defense of the statute of limitations as to Count I and in entering summary judgment thereon for appellee. We, therefore, reverse and remand for entry of summary judgment for appellant as to Count I based on appellant’s affirmative defense of the Texas statute of limitations.
Concerning Count II which alleged amounts owing in regard to an overdraft check protection agreement, the affirmative defense of the statute of limitations is not applicable and we, therefore, affirm the judgment as it relates to Count II.
We do, however, strike the reference in the judgment to any liability of Linda Shoemake as she has never been made a party to this action and, therefore, is not properly made an obligor on the judgment.
Reversed in part and affirmed in part and remanded with instructions.
RYDER and PATTERSON, JJ., concur.